# BARCLEY v. SCHULER.

PATENTS; INTERFERENCE; RIGHT TO MAKE CLAIM; REDUCTION TO PRACTICE; DILIGENCE.

1. The claim of alternate progressiveness in an issue in interference reciting a wire garment stay formed of a single wire bent in alternately progressive loops, each extending laterally and entirely across the stay, and disposed at an acute or oblique angle to the longitudinal axis of the stay, is satisfied by a stay, any part of each of whose loops is in advance of the foremost part of the adjacent loop, and the axis of each of whose loops, and the intersection of its wires with the radial line, are respectively in advance of those of the adjacent loop.

2. Mere hand test of the resiliency of a handmade sample of a garment stay which is wider and much shorter than the ordinary stay, without encasing it in a garment, or subjecting it to the conditions of actual use, is not a reduction to practice.

3. A finding of want of diligence, by tribunals of the Patent Office, upheld.

No. 860. Patent Appeals. Submitted November 12, 1913. Decided December 1, 1913.

HEARING on an appeal from a decision of the Commissioner of Patents reversing a decision of the Examiners in Chief in an interference proceeding. *Affirmed.*

The COURT in the opinion stated the facts as follows:

This is an interference proceeding involving priority of invention of a wire garment stay, the issue of which is the following: "A wire garment stay formed of a single wire bent in alternately progressive loops, each extending laterally across the width of the stay, and disposed at an acute or oblique angle to the longitudinal axis of the stay."

David Schuler filed his application January 2, 1909; Harry W. Barcley on July 22, 1909. A patent was inadvertently issued to Barcley before the declaration of interference. Barcley moved to dissolve the interference on the ground that Schuler did not have the right to make the claim. The Primary Examiner denied the motion, but Barcley raised the question before each tribunal of the Patent Office, and has brought it up on his appeal.

The Examiner of Interferences agreed with the Primary Examiner that Schuler had the right to make the claim, and awarded him priority.

The Examiners in Chief disagreed with the Examiner of Interferences on this point, and in consequence reversed his decision. The Commissioner, agreeing with the Examiner of Interferences, reversed the last decision, and awarded priority to Schuler.

All of the tribunals concurred in holding that Barcley was the first to conceive the invention; that he had not reduced it to practice; and had not been diligent prior to Schuler's entry in the field. Schuler's reduction to practice was constructive through the filing of his application before Barcley.

*Mr. Edgar M. Kitchin* for the appellant.

*Mr. Frederick W. Winter* for the appellee.

Mr. Chief Justice Shepard delivered the opinion of the Court:

1. The first question for consideration is Schuler's right to make the claim of the issue. The novelty of the invention consists in the diagonal arrangement of the loops extending laterally across the width of the stay.

The Examiners in Chief agreed with the Examiner of Interferences that Schuler disclosed loops extending laterally entirely across the width of the stay; but raising another point that seems not to have been suggested or argued, they hold that these loops are not alternately progressive, as required by the count of the issue.

As a sufficient answer to this, we quote the following passage from the Commissioner's decision:

"Considering the loop as extending to the edge of the stay, which finding of the lower tribunal is believed to be right, the portion of the upper wire of a loop whose closed or bulbous portion is on the left-hand side of the Schuler stay, after it crosses the lower wire of said loop and forms what may be considered the mouth of the loop, is at a considerable distance above the extreme forward portion of the adjacent loop; in other words, said portion of the first-mentioned loop is in advance, or in progress, of the adjacent loop by about one half of the width of the loop.

"In construing this term of the issue, it is believed that it is satisfied if any portion of one loop is in advance of the adjacent loop. If it were held that all of the first-mentioned loop must be in advance of every portion of the adjacent loop, the claim would not read upon Barcley's device, which shows the rear portion of one loop, in each instance, behind the apex portion of the next rearward loop. While it is true that the major portion of the loop having the bulbous portion on the left-hand side of the stay in Schuler's device is at the rear of the major portion of the adjacent loop, it is true, as stated above, not only that a portion of the first-mentioned loop is in advance of the foremost portion of the adjacent loop, but that, if the axes of

the loops are considered, or if the loops be reckoned from the point where the wires cross the medial line, the first-mentioned loop is in advance of the adjacent loop."

2. The next error assigned is the decision that Barcley did not reduce his invention to actual practice, as claimed, in May, 1908. This consisted of the construction by hand of a sample piece of wire bent in accordance with his conception of the invention. All of the tribunals concurred in holding that this, and the tests of its resiliency by handling, were not sufficient. Concurring with them fully, we adopt the following excerpt from the Commissioner's decision as expressing our views:

"This exhibit is a short portion of a garment stay formed by hand in May, 1908, and was originally about 4 inches long. It is wider and much shorter than the usual garment stay, tips were not placed upon the end of the stay, and it was never intended to be more than a sample or model illustrating the forming of the loops. Moreover, it was never encased in a corset, or subjected to the conditions of actual use, but was subjected merely to hand tests. It appears that this sample was tested by bending it back and forth across the thumb, and Barcley introduced testimony for the purpose of showing that this is the usual way of testing such devices by experts in the shop. It is clear, however, that this was not a test under the conditions of actual use, and, as pointed out by the Examiner of Interferences, it cannot be held to demonstrate that a stay of this design would give the desired results when placed in a corset, where its movement would be restricted by contact with the surrounding fabric."

3. Agreeing with the unanimous conclusions of the Office tribunals that Barcley was not practising diligence at the time of Schuler's entry in the office, we see no occasion to add to their discussion.

The decision appealed from is affirmed, and the clerk will certify this decision to the Commissioner of Patents.

*Affirmed.*